Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada
### _____ Division

| | |
|---|---|
| Victor Camargo Juarez | Case No. 3:23-cv-00326 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | Jury Trial: *(check one)* ☒ Yes ☐ No |
| Walmart, Inc.; DOES 1-10 | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Victor Camargo Juarez |
   | Street Address | 551 Brinkby Avenue Apt. 711 |
   | City and County | Reno |
   | State and Zip Code | NV 89509 |
   | Telephone Number | 775-470-3637 |
   | E-mail Address | vcamarez775@gmail.com |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

   Defendant No. 1
   | | |
   |---|---|
   | Name | Walmart, Inc. |
   | Job or Title *(if known)* | |

| | |
|---|---|
| Street Address | 4855 Kietzke Lane |
| City and County | Reno |
| State and Zip Code | NV 89509 |
| Telephone Number | 775.829.8088 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Walmart Supercenter |
| Street Address | 4855 Kietzke Lane |
| City and County | Reno/Washoe |
| State and Zip Code | NV 89502 |
| Telephone Number | 775.829.8088 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☒ Termination of my employment.
☒ Failure to promote me.
☒ Failure to accommodate my disability.
☒ Unequal terms and conditions of my employment.
☒ Retaliation.

Other acts *(specify)*: Throughout my employment with Walmart as a Cashier from March 2020 to July 2021, I was repeatedly subjected to a pattern of disparate treatment and disscrimination solely because of my ADA protected disabilities. I was also discriminated against based on my race, and subjected to unwanted acts of sexual harassment by three different and separaate Walmart coworkersand superiors. As a Hispanic male, I was treated disparately and adversely by my managing agents. I was also subjected to unwated sexual commentary and advances by three female coworkers and superiors, and ulttimately fired because I dared to complain about the unalwful racial, gender and disability discrimination and harassment to which I was exposed on a regular basis while at work. My managers and "Coaches" at work were all actualy and constructively aware of my ADA protected conditions and diagnoses, yet I was consistently and pervaisvely denied reasonable accommodations to facilitate my ability to perform the essential functions of my position. I was also denied any help from management, such as stools, different positions, etc, all requested to facilitate my ability to do my job. I remained at all times ABLE to perform the essential functions of my position, but I was entitled by law to reasonable accommodations, the purposes of which were to help me do my job as painlessly as possible, but Walmart continued to deny all such accommodations throughtout my employment. To be clear, I was always able to perform the essential functions of my job, and I did perform my job duties satisfactorily, despite having ADA protected disabilities. Walmart and its managing agents, including Lisa, Rebecca, and Johnny, were aware of my ADA protected disabilities, as I had given notice immediately, and reqauested reasonable accommodations for cashiering, on record with Walmart. The requests for accommodations included using a chair or stool, or breaks to sit down intermittently short term, because my job required me to stand throughout my long shifts. These reasonable accommodations were only intended to facilitate my ability to perform my job duties, and in no way rendered me unable to do my job. I was denied accommodations, and denied different available positions, and denied transfers or any help at all to facilitate my ability to do my job with my disabilities. Walmart's denials were unreasonble, and unfair, as they would not have caused any undue hardship. I was ultimatley fired for taking time off due to my disabilites, but that time off was only caused by Walmart's pervasive refusal to offer reasonable accommodations. If Walmart and its managing agents had offered me even the most basic help by way of reasonable accommodations, I would not have been fired. My termination was therefore unlawful, and the sole result of Walmrt's illegal disability discrimination. I was fired for having ADA protected conditions, and requesting a reasonble accommodation to facilitate my ability to do my job.
Instead of taking fair and reasonable steps to help me do my job by facilitating my abilitie to perform my job duties, Walmart chose to single me out and treat me differently than other employees who did not have ADA protected disabilities. Walmart therefore engaged in open and hostile acts of disability

~~discrimination in violation of federal laws.~~

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

> Throughout my employment with Walmart as a Cashier from March 2020 to July 2021, I was repeatedly subjected to a pattern of disparate treatment and disscrimination solely because of my ADA protected disabilities. I was also discriminated against based on my race, and subjected to unwanted acts of sexual harassment by three different and separaate Walmart coworkersand superiors. As a Hispanic male, I was treated disparately and adversely by my managing agents. I was also subjected to unwated sexual commentary and advances by three female coworkers and superiors, and ulttimately fired because I dared to complain about the unalwful racial, gender and disability discrimination and harassment to which I was exposed on a regular basis while at work.
>
> Racial/Gender/Disability Discriminaiton in Violation of Title VII & the ADA: During my employment, I was always able to perform the essential functions of my job, and I did perform my job duties satisfactorily. I do have ADA protected disabilities, and I was at all times able to perform the essential functions of my job. Defendant Walmart and its managing agents, including Lisa and Johnny, were aware of my ADA protected disabilities, as I had notice of my disabilities, as well as requests for reasonable accommodations, on record with Walmart. I was often denied the use of chairs or stools, as well as intermittent breaks where I could sit down, or requests to be transferred to different positions, departments, or even stores, where I did not have to be on my feet for over 8 hours a day, consecutively. The reasonable accommodations that I requested were intended only to facilitate my ability to perform my job duties, and it in no way rendered me unable to do my job. During my employment, Lisa and Johnny, in particular, would deny my accommodations, and reprimand me for using a stool. Similarly, my requests to be transferred to a different department and or position were always denied, as were my requests to be transferred to a different store where I could have a chance to work with managing agents who did not opt to engage in disability discrimination against me. In the end, I was fired by Lisa for taking time off to tend to my disaiblities, caused by being overworked and forced to stand on my feet for long hours, or forced to do demeaning and manually/physically demanding jobs such as cart duty, which Lisa knew would be detrimental to my ADA protected disabilities. She did not care, nor did Johnny. They set me up for termination by forcing me into demeaning and physically demanding roles, while simultaneously denying my requests for reasonable accommodations. They made it impossible for me to do my job without enduring unfair and absolutely unnecessary amounts of pain in conditions designed to undermine me and exacerbate my disabilities. All of this could have been avoided with simple reasonable accommodations, none of which would have created any kind of undue burden or hardsip on Walmart whatsoever. Instead, Lisa and Johnny made sure to put unfair and undue hardships and burdens on me, despite their knowledge of my ADA protected conditions. They did not care that I had disabilities, and isntead of helping me, they created situatiosn to harm me, and cause me to either quit, or ultimately, be fired. Walmart engaged in consistent and pervasive acts of disability discrimination against me throughtout my employment from March 2020 through July 2021. It bears mentining that this occurred in the middle of a global pandemic, while I was doing my best to work and help the community, despite my own ADA proteced disabilities. I could have claimed unemployment, but I chose to work, instead, and I was not rewarded for that choice. To the contrary, Walmart and its managing agents made my life a painful living hell, and set me up to fail. They hurt me in vilation of the ADA, instead of taking even the most reasonable steps to help me by facilitating my ability to do my job. After being fired in violation of the ADA on July 8, 2021, I filed a charge with the EEOC.

C.    I believe that defendant(s) *(check one)*:

      ☐    is/are still committing these acts against me.
      ☒    is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

| | | |
|---|---|---|
| ☐ | race | Hispanic |
| ☐ | color | |
| ☐ | gender/sex | |
| ☐ | religion | |
| ☐ | national origin | |
| ☐ | age *(year of birth)* | *(only when asserting a claim of age discrimination.)* |
| ☒ | disability or perceived disability *(specify disability)* | |

Lumbar Disc Neuralgia /Anxiety & Depression

E.  The facts of my case are as follows. Attach additional pages if needed.

> I was subjected to illegal workplace discrimination based on my disability by Walmart and its managing agent, specifcally Lisa and Johnny, throughout my employment from March 20. 2020 -July 8, 2021. I was employed by Walmart as a Cashier, and I was illegally terminated by Lisa on July 8, 2021, for taking time off to tend to my ADA protected disabilities, after being foreced to work without reasonable accommodations, or any reasonable help whatsoever, from anyone at Walmart.
> Disability Discriminaiton in Violation of the ADA: In short, Walmart, by and through its managing agents and coaches, specifically Lisa and Johnny, repeatedly singled me out and treated me differently than other employees based solely on my ADA protected disabilities, of which Walmart was given both actual and constructive notice.     Disability Discriminaiton in Violation of the ADA: During my employment, I was always able to perform the essential functions of my job, and I did perform my job duties satisfactorily. I do have ADA protected disabilities, and I was at all times able to perform the essential functions of my job. Defendant Walmart and its managing agents, including Lisa and Johnny, were aware of my ADA protected disabilities, as I had notice of my disabilities, as well as requests for reasonable accommodations, on record with Walmart. I was often denied the use of chairs or stools, as well as intermittent breaks where I could sit down, or requests to be transferred to different positions, departments, or even stores, where I did not have to be on my feet for over 8 hours a day, consecutively. The reasonable accommodations that I requested were intended only to facilitate my ability to perform my job duties, and it in no way rendered me unable to do my job. During my employment, Lisa and Johnny, in particular, would deny my accommodations, and reprimand me for using a stool. Similarly, my requests to be transferred to a different department and or position were always denied, as were my requests to be transferred to a different store where I could have a chance to work with managing agents who did not opt to engage in disability discrimination against me. In the end, I was fired by Lisa for taking time off to tend to my disaiblities, caused by being overworked and forced to stand on my feet for long hours, or forced to do demeaning and manually/physically demanding jobs such as cart duty, which Lisa knew would be detrimental to my ADA protected disabilities. She did not care, nor did Johnny. They set me up for termination by forcing me into demeaning and physically demanding roles, while simultaneously denying my requests for reasonable accommodations. They made it impossible for me to do my job without enduring unfair and absolutely unnecessary amounts of pain in conditions designed to undermine me and exacerbate my disabilities. All of this could have been avoided with simple reasonable accommodations, none of which would have created any kind of undue burden or hardsip on Walmart whatsoever. Instead, Lisa and Johnny made sure to put unfair and undue hardships and burdens on me, despite their knowledge of my ADA protected conditions. They did not care that I had disabilities, and isntead of helping me, they created situatiosn to harm me, and cause me to either quit, or ultimately, be fired. Walmart engaged in consistent and pervasive acts of disability discrimination against me throughtout my employment from March 2020 through July 2021. It bears mentining that this occurred in the middle of a global pandemic, while I was doing my best to work and help the community, despite my own ADA proteced disabilities. I could have claimed unemployment, but I chose to work, instead, and I was not rewarded for that choice. To the contrary, Walmart and its managing agents made my life a painful living hell, and set me up to fail. They hurt me in vilation of the ADA, instead of taking even the most reasonable steps to help me by facilitating my ability to do my job. After being fired in violation of the ADA on July 8, 2021, I filed a charge with the EEOC.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

> First contact about unlawful discriminatin on March 5, 2021, I believe

B.  The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.
☒ issued a Notice of Right to Sue letter, which I received on *(date)* 10/3/2021 .
*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

> Plaintiff seeks compensatory damages up to the maximum amount allowed by statutute for employers with more than 50 employees. These damages shall compensate Plaintiff for non-economic emotional harm suffered (such as mental anguish, pain and suffering, sexual harassment abuse, inconvenience, and loss of enjoyment of life), and for economic injury for lost wages.
> PLEASE NOTE: I filed a complaint against Walmart, and thereafter served summons & complaint on Walmart at the address for the Agent for Servcie of Process as listed with the Nevada Secretary of State website. Despite proper service, the Court unfairly and outrageously decided to ceremoniously DISMISS MY CASE for failure to properly serve defendant Walmart, despite that I DID serve Walmart, and filed the Proof of Service. Somehow, this Court is abusing its discretion in "controlling its docket" by dismising my complaints no matter that I properly and timely served Walmart, and even moved for Default Judgment! In response, the Court gave me 30 days to serve Walmart, which I again did and filed the proof of service, yet the court dismissed my complaint and told me that I had to file a NEW complaint against Walmart. This is that new Complaint against Walmart, which will be served, along with Summons, on Walmart's agent for service of process, as listed wih the Nevada Secretary of State.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: | 7/2/2023 |

Signature of Plaintiff
Printed Name of Plaintiff | Victor Camargo Juarez |

**B.** **For Attorneys**

Date of signing: | N/A |

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Victor Camargo Juarez<br>1855 El Rancho Drive Apt 277<br>Sparks, NV 89431 | From: | San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2021-00723 | James D. Rowe, Investigator | (650) 684-0924 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* Charge is self-defeating

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**SCOTT DOUGHTIE**
Digitally signed by SCOTT DOUGHTIE
Date: 2021.09.28 20:29:59 -07'00'

Enclosures(s)     For **Nancy A. Sienko,**
**Acting District Director**     *(Date Issued)*

cc:    **Scott A. Forman
Shareholder
WAL-MART STORES, INC.
2301 McGee Street, Ste. 800
Kansas City, MO 64108**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.