UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR CAMARGO JUAREZ,<br><br>                          Plaintiff,<br>  v.<br>WALMART INC.,<br><br>                         Defendant. | Case No. 3:23-cv-00326-ART-CLB<br><br>ORDER |

    *Pro se* Plaintiff Victor Camargo Juarez brings this action against his former employer, Defendant Walmart, Inc., for employment discrimination under the American with Disabilities Act ("ADA") and racial discrimination under Title VII of the Civil Rights Act. Now pending are two motions: Defendant's Motion to Dismiss (ECF No. 10) and Defendant's Motion to Stay Case (ECF No. 18). For the reasons stated, the Court will grant Defendant's Motion to Dismiss and deny as moot Defendant's Motion to Stay Case.

## I.    FACTUAL AND PROCEDURAL HISTORY

    Plaintiff is a former employee of Defendant. His employment ended in July of 2021. (ECF No. 4.) Plaintiff brought a complaint before the Equal Employment Opportunity Commission ("EEOC") on September 9, 2021. (ECF No. 10-3.) In that complaint, Plaintiff alleged violations of the ADA and Title VII of the Civil Rights Act. (*Id.*) The EEOC issued a Dismissal and Notice of Rights ("Right-to-Sue") letter that Plaintiff received on October 3, 2021. (ECF No. 4 at 10-12.) The Right-to-Sue letter informed Plaintiff that he must file any lawsuit related to his Title VII and ADA claims within ninety days of his receipt of the letter. (*Id.*)

    Plaintiff submitted his first *pro se* complaint against Defendant for approval to file *in forma pauperis* on December 30, 2021. (ECF No. 10-4.) The Court approved his application and Plaintiff's complaint was thereafter filed in Case No. 3:21-CV-00525-MMD-WGC on January 5, 2022. (ECF No. 10-5.) Plaintiff, however, did not effectuate proper service on Defendant in that case, and on June

2, 2022, Chief Judge Du, after providing several opportunities for Plaintiff to properly serve Defendant over the course of eleven months as well as ordering him to do so within a specified timeframe, dismissed the case for failure to prosecute. (ECF Nos. 10-6. 10-7, 10-8.)

Plaintiff submitted his second *pro se* complaint against Defendant for approval to file *in forma pauperis* on July 3, 2023. (ECF No. 1.) The Court approved his application and Plaintiff's complaint was thereafter filed in Case No. in this matter. (ECF Nos. 3, 4.) Defendant later moved to dismiss on the theory that Plaintiff's claims are time-barred and not administratively exhausted. (ECF No. 10.) Plaintiff responded (ECF No. 13), and Defendant replied (ECF No. 14).

**II.    DISCUSSION**

Fed. R. Civ. P. 12(b)(6) allows for challenges based on a failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But even a facially plausible claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016). Thus, to survive a motion to dismiss a claim must be both facially plausible and legally cognizable.

Here, Plaintiff's claims are not legally cognizable because they are time-barred, and those that are not time-barred have not been administratively exhausted.

Plaintiff failed to oppose Defendant's argument that his claims are time-barred and must be dismissed. The Court finds that Ninth Circuit precedent compels dismissal of this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104 (9th Cir. 2006). In *O'Donnell*, the court held that "[i]n instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90–day limitations period." *Id.* at 1111 (internal quotation marks

and citation omitted). Further, the court held that a second complaint does not relate back to a previous complaint because a second complaint is not an amendment to the previous complaint, but rather a separate filing. *Id.*

The Court finds that the facts of this case are sufficiently similar to *O'Donnell* so that its holding applies. Plaintiff's claims are therefore time-barred.

To the extent Plaintiff alleges claims not brought before the EEOC, the Court finds those claims are not administratively exhausted.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motions to Dismiss Plaintiff's Complaint is GRANTED. (ECF No. 10.) Plaintiff's complaint is therefore dismissed with prejudice as to the time-barred claims and without prejudice as to any other claims.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Case is denied as moot. (ECF No. 18.)

The Clerk of the Court is direct to enter judgment accordingly.

DATED THIS 29th day of March 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3